IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SONOS, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 14-1330-RGA-MPT |
| | ) |
| D&M HOLDINGS INC. | ) |
| d/b/a D+M GROUP, | ) |
| D&M HOLDINGS U.S. INC., | ) |
| and DENON ELECTRONICS | ) |
| (USA), LLC, | ) |
| | ) |
| Defendants. | ) |
| | ) |

**REPORT and RECOMMENDATION**

I.  **INTRODUCTION**

On October 21, 2014, Sonos, Inc. ("Sonos") filed its original complaint for patent infringement against defendants, D&M Holdings Inc. d/b/a The D+M Group ("D&M Japan"), D&M Holdings U.S. Inc. ("D&M U.S."), and Denon Electronics (USA), LLC ("Denon U.S.") (collectively, "D&M").[1]  Sonos then filed a first amended complaint on December 17, 2014 and a second amended complaint on March 9, 2015.[2]

On April 30, 2015, D&M filed its first answer in response to Sonos's second amended complaint.[3] On November 30, 2015, D&M moved for leave to amend its answer to Sonos's second amended complaint to add counterclaims accusing Sonos of infringing upon one D&M Japanese patent and eight D&M U.S. patents.[4]  While D&M's

---

[1] D.I. 1.
[2] D.I. 6; D.I. 31.
[3] D.I. 48.
[4] D.I. 81.

motion for leave was pending, Sonos filed a motion for leave on January 29, 2016 to file a third amended complaint.[5]

On March 7, 2016, the court issued an Order that resolved both parties' pending motions.[6] In that Order, the court granted D&M's motion for leave to amend its answer to Sonos's second amended complaint, and severed D&M's infringement counterclaims into a new case (C.A. No. 16-141-RGA). Sonos's motion for leave to file its third amended complaint was also granted.

On March 28, 2016, D&M filed its answer to Sonos's third amended complaint, which includes eleven affirmative defenses.[7] Currently before the court is Sonos's motion to strike six of D&M's affirmative defenses, pursuant to FED. R. CIV. P. 12(f), due to their alleged facial insufficiency, lack of factual support, and bare bones conclusory nature.[8] The affirmative defenses which Sonos moves to strike are failure to state a claim (First); limitations on damages and costs (Fourth); unenforceability – estoppel, acquiescence, and waiver (Fifth); patent exhaustion, patent misuse, and first sale doctrine (Sixth); personal jurisdiction (Ninth); and prosecution laches (Tenth).[9] Specifically, Sonos maintains that these affirmative defenses are insufficient on their face and should be struck to "clean up the proceedings, streamline litigation, and avoid unnecessary forays into immaterial matters."[10]

---

[5] D.I. 93; D.I. 94.
[6] D.I. 100.
[7] D.I. 106.
[8] D.I. 112 at 4.
[9] D.I. 112 at 2. D&M has since withdrawn its claim of lack of personal jurisdiction. As a result, this Report & Recommendation will not address the ninth affirmative defense.
[10] D.I. 112 at 2.

D&M opposes Sonos's motion, but requests leave to amend its answer under FED. R. CIV. P. 15(a)(2), should the court strike any of its affirmative defenses.[11] Sonos does not object to D&M's request to address any possible pleading deficiencies, but reserves the right to challenge in the future D&M's amended defenses on similar grounds.[12]

## II.   BACKGROUND

Sonos, Inc. is a Delaware corporation with its principal place of business in Santa Barbara, California,[13] and represents itself to be an "innovator and industry leader in the field of wireless audio technology."[14] Sonos has been manufacturing, distributing, and selling wireless home audio products for roughly ten years and is acknowledged by multiple media sources for its innovations in this area.[15] This matter focuses on Sonos's "PLAY:5" speakers, "PLAY:3" speakers, "PLAY:1" speakers, and the "CONNECT" pre-amplifier home audio system, which are controlled by a Sonos programmed application and allegedly covered by the patents-at-issue.[16]

D&M Holdings Inc. d/b/a The D+M Group is a Japanese corporation with its principal place of business in Kanagawa, Japan.[17] It offers a similar line of wireless home audio equipment, specifically the "HEOS 7" speaker, "HEOS 3" speaker, "HEOS 1" speaker, "HEOS LINK" pre-amplifier, "HEOS AMP" amplifier, "HEOS DRIVE" multi-

---

[11] D.I. 119 at 14.
[12] D.I. 124 at 10.
[13] D.I. 102 at 1.
[14] *Id.* at 3.
[15] *Id.*
[16] *Id.*
[17] *Id.* at 1.

room amplifier, and the "HEOS HomeCinema" television sound system, all of which are controlled by a D&M programmed application.[18] D&M Holdings U.S. Inc. is a Delaware corporation with its principal place of business in Mahwah, New Jersey.[19] Denon Electronics (USA), LLC is a wholly-owned subsidiary of D&M Holdings U.S. Inc. and has its principal place of business in Mahwah, New Jersey.[20]

Sonos alleges that D&M's marketing of the HEOS system directly competes with Sonos's wireless audio system by copying Sonos's system, and infringing on its patents.[21] Sonos also contends D&M markets its products using substantially similar naming conventions as used by Sonos to market its line of home audio equipment.[22]

## III. GOVERNING LAW

FED. R. CIV. P. 12(f) states in relevant part that "the court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."[23] "Motions to strike serve to clean up the pleadings, streamline litigation, and avoid unnecessary forays into immaterial matters."[24] An immaterial matter is "that which has no essential important relationship to the claim for relief or the defenses being pleaded,"[25] while an impertinent matter "consists of statements that do

---

[18] D.I. 102 at 4.
[19] *Id.* at 2.
[20] *Id.*
[21] *Id.* at
[22] D.I. 102 at 5.
[23] FED. R. CIV. P. 12(f).
[24] *Sun Microsystems, Inc. v. Versata Enterprises, Inc.*, 630 F. Supp. 2d 395, 402 (D. Del. 2009).
[25] *Delaware Health Care, Inc. v. MCD Holding Co.*, 893 F. Supp. 1279, 1292 (D. Del. 1995).

not pertain, and are not necessary, to the issues in question."[26] "Motions to strike are generally disfavored and ordinarily denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties."[27] Motions to strike under Rule 12(f) "should not be granted unless the presence of the surplusage will prejudice the adverse party."[28] When deciding a motion to strike, "the court must construe all facts in favor of the nonmoving party and deny the motion if the defense is sufficient under law."[29] A court "should not strike a defense unless insufficiency is clearly apparent."[30] However, a "[c]ourt is not required to accept affirmative defenses that are mere "bare-bones conclusory allegations," and may strike such inadequately pleaded defenses."[31] "'A motion to strike will not be granted where the sufficiency of the defense depends on disputed issues of facts or where it is used to determine disputed and substantial questions of law.'"[32]

An examination of FED. R. CIV. P. 8 is useful to determine the requirements of pleading affirmative defenses. An affirmative defense is "a pleading subject to Rule 8(a), and therefore must include a short and plain statement of the defense."[33] A

---

[26] *Id.*
[27] *Sun Microsystems, Inc.*, 630 F. Supp. 2d at 402.
[28] *Symbol Techs., Inc.*, 609 F. Supp. 2d 353, 359 (D. Del. 2009).
[29] *Procter & Gamble Co. v. Nabisco Brands, Inc.*, 697 F. Supp. 1361, 1362 (D. Del. 1988).
[30] *Fesnak & Assocs., LLP v. U.S. Bank Nat. Ass'n*, 722 F. Supp. 2d 496, 502(D. Del. 2010).
[31] *Sun Microsystems, Inc.*, 630 F. Supp. 2d at 408.
[32] *Gross v. Weinstein, Weinburg & Fox, LLC*, 123 F. Supp. 3d 575, 580 (D. Del. 2015)(quoting *Cadence Pharm., Inc. v. Paddock Labs, Inc.*, 2012 WL 4565013, at *1 (D. Del. Oct. 1, 2012)).
[33] *See, e.g., Do It Best Corp. v. Heinen Hardware, LLC*, No. 13-69, 2013 WL 3421924, at *3 (N.D. Ind. July 8, 2013). *See also* 8(b) which requires when "responding to a pleading, a party must state in short and plain terms its defenses to each claim

-
-
-

defense may be deemed meritless because it is simply a conclusory allegation which fails to provide an appropriate statement of facts or to allege the necessary elements of the claims.[34] "The purpose of requiring the defendant to plead available affirmative defenses in his answer is to avoid surprise and undue prejudice by providing the plaintiff with notice and the opportunity to demonstrate why the affirmative defenses should not succeed."[35] "In responding to a pleading, a party must affirmatively state any avoidance or affirmative defense . . . ."[36]

## IV. DISCUSSION

### A. Application of LR 7.1.1/Timeliness of Sonos's Objections

Before considering Sonos's motion to strike, the issues regarding LR 7.1.1, the statement required to be filed with nondispositive motions, and dispositive motions need to be addressed. D&M relies on LR 72.1 which is directed to the authority and duties of Magistrate Judges. It provides that a "Magistrate Judge is authorized to perform all judicial duties assigned by the Court . . . which include, but are not limited to, the following described civil duties . . . ." D&M latches onto to LR 72.1(a)(3) as presumptive definition of dispositive motions, despite case law to the contrary in this jurisdiction before and after the issuance our Local Rules, and conflates that with 7.1.1. A motion to strike under Rule 12(f) is dispositive since it dismisses or strikes from a pleading the

---

asserted."
    [34] *Heller Fin., Inc. v. Midwhey Powder Co., Inc.*, 883 F.2d 1286, 1294 (7th Cir. 1989).
    [35] *In re Sterten*, 546 F.3d 278, 285(3d. Cir. 2008).
    [36] FED. R. CIV. P. 8(c)(1).

challenged defense.[37]  Therefore, contrary to D&M's argument, a motion to strike is dispositive, and LR 7.1.1, which concerns nondispositive motions, is not applicable.

Regarding whether Sonos's objections are untimely, D&M represents the challenged defenses were initially raised on April 30, 2015 in response to the second amended complaint.[38]  Between then and the filing of the third amended complaint, Sonos failed to challenge any affirmative defense.[39]  Sonos also never objected to these defenses in response to D&M's motion for leave to file an amended answer and counterclaims.[40]  D&M further notes that no interrogatory was propounded by Sonos on the affirmative defenses until after the filing of this motion to strike.[41]  D&M maintains since no timely objections were filed, they, rather than Sonos, are prejudiced since the deadline to amend pleadings has passed.[42]

Sonos counters that its objections are timely relying on Fed. R. Civ. P. 12(f) which allows a motion to strike "within 21 days after being served with the pleading." Since D&M's answer was filed on March 28, 2016 and the present motion to strike was

---

[37] *See StairMaster Sports/Med. Products, Inc. v. Groupe Procycle, Inc.,* 182 F.R.D.117, 120 (D. Del. 1998) (confirming that a motion to strike affirmative defenses is issue dispositive, and regarding plaintiff's motion to strike stated " . . . the Court is hard pressed to devise a more issue dispositive motion . . . ."). *See also, Chase Bank USA N.A. v. Hess,* C.A. No. 08-121-LPS, 2013 WL 5314706, at *1 (D. Del. Sept. 20, 2013) (noting that a motion to strike defendant's answer presents a case dispositive issue); *United States v. Parcel of Land in Town of Middletown, New Castle Cty.,* 32 F. Supp. 718, 721 (D. Del. 1940) (commenting that a motion to strike is "equivalent to a motion to dismiss.").
[38] D.I. 119 at 4.  D&M claims the only affirmative defense not previously asserted was prosecution laches.
[39] *Id.*
[40] *Id.*
[41] *Id.*
[42] *Id.*

filed on April 21, 2016, its motion is timely.[43] It points out that D&M's most recent answer included the two new defenses of prosecution laches and prosecution history estoppel.[44] Sonos further notes that discovery is in its early stages.[45]

The effect of the allowance by the court of the motion to amend for the third amended complaint means that the complaint is the operative document on which the Sonos's action is based. It raises infringement claims for seven additional patents. Although certain of D&M's defenses were raised in prior answers, these defenses and their two new defenses now relate to these additional patents and the facts related thereto. D&M's concern to challenge Sonos's third amended complaint is addressed by their request for leave to amend their pleadings which is granted.

Turning to the motion to dismiss, Sonos asserts that D&M's affirmative defenses are insufficiently pled and should be struck,[46] because they are conclusory and fail to provide sufficient notice of the bases for these defenses, thereby subjecting Sonos to surprise and undue prejudice.[47] Sonos further contends that D&M has no factual basis for its 35 U.S.C. § 288 defense.[48]

### B. Motion to Strike Affirmative Defenses

#### i. Failure to State a Claim

---

[43] D.I. 124 at 2.
[44] *Id.*
[45] *Id.* at 3.
[46] D.I. 112 at 2.
[47] *Id.* The prejudice alleged includes modification by D&M of its defense theories without having to request leave of the court or provide timely notice; obtaining the details regarding the nature and bases of the defenses via discovery; and potentially subjecting Sonos to unnecessary discovery and/or motion practice of non-viable defenses. *See* D.I. 124 at 4.
[48] *Id.*

Sonos moves to strike D&M's first affirmative defense, failure to state a claim upon which relief may be granted, because D&M has provided "no notice whatsoever of the nature or basis for [this] defense."[49] D&M counters that FED. R. CIV. P. 12(h)(2) allows this defense to be raised in any pleading, by later motion, or at trial.[50] To survive a Rule 12(f) motion to strike, the affirmative defense must be pled in accordance with FED. R. CIV. P. 8(c).[51] D&M has met Rule 8(c) by affirmatively stating this defense in its answer in response to Sonos's third amended complaint.[52] Sonos has not demonstrated any prejudice.[53] Therefore, Sonos's motion to strike D&M's first affirmative defense under FED. R. CIV. P. 12(f) is denied.

### ii. 35 U.S.C. § 288

Sonos avers that D&M has not pled any factual basis for their 35 U.S.C. § 288 affirmative defense, which should be struck pursuant to Rule 12(f).[54] Specifically, Sonos emphasizes that none of the "asserted patents has ever been found invalid."[55] Sonos concludes that, consistent with the language of § 288, there is "no possible factual basis for D&M's § 288 defense,"[56] and the mere possibility of one of the patents being determined invalid is purely hypothetical, without any factual support.[57]

35 U.S.C. § 288 provides:

---

[49] D.I. 124 at 9.
[50] D.I. 119 at 12; see also FED. R. CIV. P. 12(h)(2).
[51] FED. R. CIV. P. 8(c).
[52] D.I. 106 at 16.
[53] D.I. 112 at 9-10.
[54] Id. at 10.
[55] D.I. 124 at 9. Sonos does not challenge D&M's claim that Sonos's recovery is limited by 35 U.S.C. §§ 286 and 287.
[56] D.I. 124 at 9.
[57] Id.

9

> Whenever a claim of a patent is invalid, an action may be maintained for the infringement of a claim of the patent which may be valid. The patentee shall recover no costs unless a disclaimer of the invalid claim has been entered at the Patent and Trademark Office *before the commencement of the suit.*[58]

D&M counters that "[a] motion to strike is not the appropriate vehicle to resolve this disputed question of law."[59] However, D&M ignores the plain language of the statute and has not shown that any asserted Sonos patent has been found invalid before the commencement of the present action. Rather, D&M surmises that one or more of Sonos's patents will be found invalid. Lastly, D&M argues that the cases relied on by Sonos are non-precedential and mere dicta.[60] This court held in *Cordance Corp. v. Amazon.com, Inc.*, that § 288 precludes recovering costs where a claim is found invalid *before* commencement of the action.[61] Under 35 U.S.C. § 282, an issued patent is presumed valid.[62] Since no determination has occurred regarding validity of any asserted claim and D&M's answer merely alleges the possibility of invalidity, D&M's Fourth affirmative defense is struck.

### iii. Equitable Defenses

Sonos submits that its motion to strike D&M's Fifth affirmative defense, Unenforceability - Estoppel; Acquiescence; Waiver; and Unclean Hands, should be granted because this defense is insufficiently pled and does not meet FED. R. CIV. P.

---

[58] 35 U.S.C. § 288 (emphasis added).
[59] D.I. 119 at 13 (*quoting Cadence Pharm., Inc. v. Paddock Labs., Inc.*, C.A. No. 11-733-LPS, 2012 WL 4565013, at *3 (D. Del. Oct. 1, 2012)).
[60] D.I. 119 at 13.
[61] *Cordance Corp. v. Amazon.com, Inc.*, 631 F. Supp 2d 484, 503 (D. Del. 2009). (emphasis added).
[62] 35 U.S.C. § 282.

9(a) pleading standards of fair notice and particularity for equitable defenses.[63]  D&M asserts that numerous courts have ruled these affirmative defenses, similarly pled, were sufficient to withstand a motion to strike.[64]  D&M further argues that "[Sonos] is on fair notice of the nature of these defenses" and "[t]he discovery process, and not endless pleading, is the appropriate forum for [Sonos] to seek additional information concerning these defenses."[65]

D&M has pled insufficient facts in support of their estoppel defense.  Estoppel, an equitable defense, requires the showing of three elements:

> (1) The patentee, through misleading conduct, leads the alleged infringer to reasonably infer that the patentee does not intend to enforce its patent against the alleged infringer . . .
> (2) The alleged infringer relies on that conduct.
> (3) Due to its reliance, the alleged infringer will be materially prejudiced if the patentee is allowed to proceed with its claim.[66]

An element of estoppel is fraud or misrepresentation, which requires the defense to be pled with particularity under FED. R. CIV. P. 9(b).[67]  D&M has not pled any of the circumstances giving rise to the alleged wrongful conduct with particularity.[68]  Here, D&M alleges only that "Sonos is barred in part or whole by the doctrine of equitable estoppel . . . ."[69]  Considering the answer and this affirmative defense in their entirety,

---

[63] D.I. 112 at 5-6.
[64] D.I. 119 at 7.
[65] *Id.*
[66] *Phillips Electronics North America Corp. v. Contec Corp.*, 312 F. Supp. 2d 639, 641 (D. Del. 2004) (*citing A.C. Aukerman Co. v. R.L. Chaides Construction Co.*, 960 F.2d 1020, 1041 (Fed. Cir.1992)).
[67] FED. R. CIV. P. 9(b).
[68] *See* D.I. 106 at 17; D.I. 119 at 11-13.
[69] D.I. 106 at 17.

D&M's conclusory allegation provides no basis for any misleading conduct.[70] This defense, as presently pled, should be struck.[71]

D&M has pled insufficient facts in support of its unclean hands defense. Unclean hands is an equitable defense requiring the showing of five elements:

> (1) the party seeking affirmative relief (2) is guilty of conduct involving fraud, deceit, unconscionability, or bad faith (3) directly related to matter in issue (4) that injures other party (5) and affects balance of equities between litigants.[72]

Because an element of unclean hands is based in fraud, the defense must be pled with particularity under FED. R. CIV. P. 9(b).[73] Unlike *Sun Microsystems, Inc.*, D&M has not pled any facts to suggest misconduct by Sonos.[74] Therefore, Sonos's motion to strike is granted.

Similarly, D&M has not pled adequate information tending to show the elements of the equitable defense of waiver: (1) an existing right; (2) knowledge of the right; (3) and an actual intention to relinquish the right.[75] No allegations suggest Sonos's actual intent to relinquish its patent rights.[76] Sonos's motion to strike should be granted.

Finally, with respect to its acquiescence defense, D&M maintains it applies "in circumstances where a patentee asserts claim scope or validity during litigation over

---

[70] *See Sun Microsystems, Inc. v. Versata Enterprises, Inc.*, 630 F. Supp. 2d 395, 409 (D. Del. 2009)
[71] Unlike the defendant in *Symbol Technologies, Inc. v. Aruba Networks, Inc.*, 609 F. Supp 2d 353, 356 (D. Del. 2009), D&M has alleged no bases for equitable estoppel.
[72] *Id.* at 410 (*citing Castle v. Cohen*, 676 F. Supp 620, 627 (E.D. Pa. 1987)).
[73] FED. R. CIV. P. 9(b).
[74] *Compare* D.I. 106 at 17 *with Sun Microsystems, Inc.*, 630 F. Supp. 2d at 410.
[75] *Sun Microsystems, Inc.*, 630 F. Supp. 2d at 409.
[76] D.I. 106 at 7; *see Sun Microsystems, Inc.*, 630 F. Supp. 2d at 410.

matters which were acquiesced during the prosecution of the patents."[77] Sonos rebuts that this defense is no different from a prosecution history estoppel defense, which D&M has pled separately as its eleventh affirmative defense.[78] A party is deemed to have acquiesced when it:

> has full knowledge of his rights and the material facts and (1) remains inactive for a considerable time; or (2) freely does what amounts to recognition of the complained of act; or (3) acts in a manner inconsistent with the subsequent repudiation, which leads the other party to believe the act has been approved.[79]

For this defense to apply, the narrow question is whether Sonos's conduct amounted to recognition and acceptance.[80] D&M has not pled sufficient facts to demonstrate either. As a result, D&M's acquiescence defense should be struck.

### iv.     Unenforceability Defenses

Sonos also moves to strike D&M's sixth affirmative defense, patent exhaustion, patent misuse, and first sale doctrine, because it is conclusory, provides no notice of the nature or the basis of these defenses and subjects Sonos to the risk of surprise and undue prejudice.[81] Sonos further alleges that D&M fails to adequately provide notice as to the alleged actions that form the basis of its patent misuse defense.[82] In its answering brief, D&M maintains that Sonos has engaged in *per se* patent misuse by tying "the narrow patented features of its products to the unpatented staple features . . . in an attempt to monopolize an entire section of the market using its collection of

---

[77] D.I. 119 at 8.
[78] D.I. 124 at 6.
[79] *Klassen v. Allegro Development Corp.*, 106 A3d. 1035, 1047 (Del. 2014).
[80] *Id.*
[81] D.I. 112 at 7.
[82] D.I. 112 at 8.

patents on narrow technologies."[83]

Patent misuse is:

> an affirmative defense to an accusation of patent infringement, . . . which requires that the alleged infringer show that the patentee has impermissibly broadened the physical or temporal scope of the patent grant with anticompetitive effect.[84]

Since a successful claim of patent misuse requires the infringer to show that the patentee has impermissibly broadened the scope of the patent, resulting in an anticompetitive effect, D&M is required to assert a basis showing an anticompetitive effect in its pleadings; delegating this in its answering brief is not sufficient.[85] Therefore, Sonos's motion to strike should be granted.

D&M's defense of patent exhaustion and first sale doctrine survive the motion to strike. Patent exhaustion "provides that the initial authorized sale of a patented item terminates all patent rights to that item"[86] which the asserting party must prove at trial.[87] Unlike the equitable defenses, neither patent exhaustion nor first sale doctrine require the element of fraud, misconduct or misrepresentation. Despite Sonos's argument that patent exhaustion and first sale doctrine are the same defense, the first sale doctrine is just one way patent rights may be exhausted. Although related, they are not the same defense. D&M alleges Sonos has exhausted its patent rights by the first sale doctrine,

---

[83] D.I. 119 at 9-10.
[84] *Intellectual Ventures I LLC v. Symantec Corp.*, C.A. No. 13-1440-LPS, 2014 WL 4773954 (D. Del. Sept. 24, 2014) (citing *VA Panel Corp. v. MAC Panel Co.*, 133 F.3d 860, 868 (Fed.Cir.1997)).
[85] *Id.*
[86] *Quanta Computer, Inc. v. LG Electronics, Inc.*, 553 U.S. 617, 625 (2008).
[87] *Intel Corp. v. Broadcom Corp.*, 173 F. Supp. 2d 201, 206 (D. Del. 2001).

licensing the manufacture and/or use of their products, or a combination of both.[88]  For example, if sale of a patented item by Sonos was unconditional, its patent rights would be exhausted via the first sale doctrine.  Similarly, if any licensing agreements authorized D&M to produce the accused products, Sonos's patent rights would also be exhausted.  At this stage, D&M notes they have insufficient information.[89]  Such information would likely be within the control of Sonos.  Discovery for both sides, rather than a motion to strike, is the more appropriate route to learn further information on these affirmative defenses.

On the affirmative defenses of patent exhaustion and first sale doctrine, Sonos's motion to strike should be denied.

### v.     Prosecution Laches

Prosecution laches is an "equitable defense to a charge of patent infringement."[90] An unreasonable and inexcusable delay is required to successfully assert a defense of prosecution laches.[91]  D&M avers, based on information and belief, that Sonos's claims are barred in whole or in part by the doctrine of prosecution laches.[92]  Sonos asks the court to strike this affirmative defense because it is "insufficient [and] unduly prejudicial."[93]  Additionally, Sonos contends D&M has not identified or alleged any facts supporting the elements of a prosecution laches defense:  prejudice, intervening rights,

---

[88] D.I. 119 at 10-11.
[89] *Id.*
[90] *Cancer Research Tech. Ltd. v. Barr Labs., Inc.*, 625 F.3d 724, 729 (Fed. Cir.2010).
[91] *Id.*; *Cordance Corp. v. Amazon.com, Inc.*, 631 F. Supp. 2d 484, 489 (D. Del. Jun. 30, 2009).
[92] D.I. 106 at 18.
[93] D.I. 112 at 9; D.I. 124 at 8.

or unreasonable and unexpected delay.[94] D&M responds that Sonos has 25 issued patents, of which 23 include the word "clock" in its claims.[95] D&M argues Sonos attempted to "cover the concept of using a clock in a wireless audio device" with 24 patents and 640 claims, thereby illustrating a pattern of unduly and repetitive filings which creates an overall delay in the issuance of claims.[96]

D&M's assertion of prosecution latches is limited to a one sentence conclusory statement,[97] containing no information to support the elements of unreasonable and inexcusable delay.[98] They attempt to supplement this single comment by detailing certain facts in their answering brief, which is insufficient to plead the affirmative defense of prosecution laches.[99] Therefore, Sonos's motion to strike D&M's defense of prosecution laches is granted.

As granted previously in this Report and Recommendation, the court will allow D&M's request for leave to amend its pleading to remedy the deficiencies noted.

## V. CONCLUSION

For the foregoing reasons, it is recommended that:

(1) Sonos's motion to strike (D.I. 111) be GRANTED as to D&M's Fourth, Fifth, Tenth, and Patent Misuse (Sixth) defenses and DENIED as to D&M's First affirmative

---

[94] *Id.* at 9. *See Cancer Research Tech.* 625 F.3d at 729.
[95] D.I. 119 at 11-12.
[96] *Id.*
[97] D.I. 106 at 18. *See Symbol Techs., Inc. v. Aruba Networks, Inc.*, 609 F. Supp. 2d 353, 359 (D. Del. 2009).
[98] D.I. 106 at 18 ("Based on information and belief, Sonos is barred in whole or in part by the doctrine of prosecution laches from enforcing the Patents-in-Suit against Defendants.").
[99] D.I. 119 at 16-17.

defense and Patent Exhaustion/ First Sale Doctrine (Sixth) defenses;

    (2) D&M's request for leave to amend their answer be GRANTED. D&M's amended answer shall be due on or before September 7, 2016.

This Report and Recommendation is filed pursuant to 28 U.S.C. § 636(b)(1)(B), FED. R. CIV. P. 72(b)(1), and D. DEL. LR 72.1. The parties may serve and file specific written objections within ten (10) days after being served with a copy of this Report and Recommendation.

The parties are directed to the Court's Standing Order in Non-Pro Se matters for Objections Filed under FED. R. CIV. P. 72, dated October 9, 2013, a copy of which is available on the Court's website, www.ded.uscourts.gov.

Date: Aug. 10, 2016                              /s/ Mary Pat Thynge
                                                           Chief United States Magistrate Judge