# Morris, Nichols, Arsht & Tunnell llp

1201 North Market Street
P.O. Box 1347
Wilmington, Delaware 19899-1347

(302) 658-9200
(302) 658-3989 FAX

**Michael J. Flynn**
(302) 351-9661
(302) 498-6217 FAX
mflynn@mnat.com

December 22, 2016

The Honorable Richard G. Andrews                                    *VIA ELECTRONIC FILING*
United States District Court
  For the District of Delaware
844 North King Street
Wilmington, DE 19801

      Re:    <u>Sonos, Inc. v. D&M Holdings Inc.</u>, C.A. No. 14-1330 (RGA)

Dear Judge Andrews:

      Defendants write in response to the Court's oral order of December 14, 2016, requesting the parties to submit additional briefing on the "audio" terms and the applicability of intrinsic evidence to the Parties' claim construction positions.

      **1.**    **"Audio" Terms**

      Defendants have prepared the attached Exhibits A-F identifying the intrinsic evidence supporting Defendants' construction of the "audio" terms used respectively in each of U.S. Patents No. 8,843,224, 8,938,312, 9,195,258, 9,202,509, 9,213,357 and 9,219,959 (the "Asserted Audio Patents"). The highlighted portions of the specifications and claims are strong evidence that the "audio" terms used in each of the Asserted Audio Patents refer to ***encoded*** sound as opposed to sound itself.

      Within each of Exhibits A-F, Defendants have highlighted the contrasting uses of the "audio" terms. Blue highlighting indicates instances where the "audio" terms are clearly described as encoded electronic signals as opposed to sound waves. Yellow highlighting indicates instances where the Asserted Audio Patents use different terms or phrases clearly indicating the output of sound waves; often "based on" the encoded information contained within, and provided by, the "audio" terms.

      The fact that the inventors of the Asserted Audio Patents clearly distinguish between encoded audio (i.e. the "audio" terms) and sound waves—which are output upon receipt, processing, and conversion of the encoded audio—is strong evidence that the "audio" terms are <u>not</u> sound waves. *See Chicago Bd. Options Exch., Inc. v. Int'l Sec. Exch., LLC*, 677 F.3d 1361, 1369 (Fed. Cir. 2012) ("The general presumption that different terms have different meanings remains."); *see also CAE Screenplates, Inc. v. Heinrich Fiedler GmbH & Co. KG*, 224 F.3d 1308, 1317 (Fed. Cir. 2000) ("In the absence of any evidence to the contrary, we must presume that the use of these different terms in the claims connotes different meanings.").

The Honorable Richard G. Andrews
December 22, 2016
Page 2

Defendants have consistently maintained that the common link between the "audio" terms is the fact that the terms all refer to encoded sound as opposed to sound itself. In other words, the "audio" terms are all encoded sound data which is clearly distinguishable from sound which has been output via the various "Player" terms. Defendants' are not suggesting that the encoded information referenced by various "audio" terms must be exactly the same, nor has that been disputed amongst the parties. Rather, while the "audio" terms may each have slightly different definitions, they all refer to encoded (i.e. electronic) sound which is transmitted and processed as distinguished from sound waves. To the extent the Court believes the "audio" terms should be given different meanings, Defendants would suggest merely adopting the language already contained in the disputed term, while clarifying that the term does not include sound waves. For example, the term "audio *information*" could be construed to mean "encoded sound *information* and not the sound itself," and the term "audio *data*" could be construed to mean "encoded sound *data* and not the sound itself."

In view of evidence that the inventors of the Asserted Audio Patents consistently used different terms and phrases to distinguish between encoded sound as opposed to sound itself, Defendants' construction of the "audio" terms should be adopted in its entirety.

### 2. Applicability of Intrinsic Evidence

As a preliminary matter, Defendants have prepared three additional exhibits to this letter brief. Exhibit G is a graphical representation of the relationship between the various Asserted Patents. Exhibit H is a textual representation of the relationships depicted in Exhibit G. Exhibit I is a chart listing the appropriate intrinsic evidence for the purposes of construing the Asserted Patents on a term-by-term basis.

The Parties have met-and-conferred regarding the applicability of certain intrinsic evidence. Defendants understand that the specific dispute pertains to when certain related patent applications (and their prosecution histories) can be considered intrinsic evidence to other related applications. Defendants understand Sonos's position to be that related patents are *always* intrinsic evidence to one another. However, in the light of the relevant case law on this issue, Defendants disagree and note that the determination of when to apply related patents as "intrinsic evidence" requires a much more fact-specific examination of the patents and relevant disclosures.[1] Statements made in earlier-filed parent (or otherwise related) patents may serve as intrinsic evidence for later-filed patents to the extent the earlier statements address claim terms in

---

[1] *See, e.g., E.I. du Pont de Nemours & Co. v. Unifrax I LLC*, C.A. No. 14-1250-RGA, 2016 WL 158031, at *8 (D. Del. Jan. 13, 2016) (finding related patent applications to be intrinsic evidence based on fact-specific analysis of specifications); *c.f. Advanced Cardiovascular Sys., Inc. v. Medtronic, Inc.*, 265 F.3d 1294, 1305-06 (Fed. Cir. 2001) (declining to consider the prosecution histories of two sibling patents in construing the terms of another sibling patent where there were no claim terms in common between the patent-in-suit and the sibling patents); *Medtronic, Inc. v. Advanced Cardiovascular Sys., Inc.*, 248 F.3d 1303, 1315 (Fed. Cir. 2001) (declining to consider "a singular reference" in an information disclosure statement in the prosecution history of the parent of the patent-in-suit because "none of the claims of the [parent] contain the same limitation that [the court was] construing").

The Honorable Richard G. Andrews
December 22, 2016
Page 3

common with the patent being construed.[2]  As such, the applicability of certain earlier-filed patents as intrinsic evidence to later-filed patents depends on the nature of the disclosures, including the extent to which the disclosures overlap or otherwise distinguish from one another. Defendants also note that continuation applications must necessarily depend on the same overlapping disclosure of the earlier-filed application.  On the other hand, by their very nature, continuations-in-part necessarily add additional subject-matter not disclosed in the earlier-filed applications.  As such, the applicability of earlier-filed patents is a very fact-specific inquiry which depends on the nature of the dispute and disclosures of the relevant specifications.  These principles, as applied to the terms at issue in this case, are reflected in Defendants' Exhibit I. Defendants have carefully reviewed the relevant case law and the specifications of the Asserted Patents and have properly applied the most pertinent intrinsic evidence in their briefing.

### 3. Conclusion

For the foregoing reasons, along with those previously expressed by Defendants' in its Joint Claim Construction briefing, Defendants' respectfully urge the Court to adopt its proposed constructions.

Respectfully,

*[signature]*

Michael Flynn (# 5333)

MJF/rah
cc:   Clerk of Court (Via Hand Delivery)
      All Counsel of Record (Via Electronic Mail)

---

[2] *Advanced Cardiovascular Sys., Inc.,* 265 F.3d at 1305–06 ("The prosecution history of a related patent can be relevant if, for example, it addresses a limitation in common with the patent in suit."); *Capital Mach. Co., Inc. v. Miller Veneers, Inc.*, 2013 WL 1501579, *3 (Fed. Cir. 2013) ("We have held that the prosecution history regarding a claim term is pertinent when interpreting the same term in both later issued and earlier-issued patents in the same family.").