IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

SONOS, INC.,

    Plaintiff,

v.

D&M HOLDINGS INC. d/b/a THE D+M
GROUP, D&M HOLDINGS U.S. INC., and
DENON ELECTRONICS (USA), LLC,

    Defendants.

Civil Action No. 14-1330-RGA

MEMORANDUM OPINION

Phillip A. Rovner, Esq., POTTER ANDERSON & CORROON LLP, Wilmington, DE; Jonathan A. Choa, Esq., POTTER ANDERSON & CORROON LLP, Wilmington, DE; George I. Lee, Esq., LEE SULLIVAN SHEA & SMITH, LLP, Chicago, IL; Sean M. Sullivan, Esq., LEE SULLIVAN SHEA & SMITH, LLP, Chicago, IL; Rory P. Shea, Esq., LEE SULLIVAN SHEA & SMITH, LLP, Chicago, IL; J. Dan Smith, Esq., LEE SULLIVAN SHEA & SMITH, LLP, Chicago, IL; Michael P. Boyea, Esq., LEE SULLIVAN SHEA & SMITH, LLP, Chicago, IL.

Attorneys for Plaintiff

Jack B. Blumenfeld, Esq., MORRIS NICHOLS ARSHT & TUNNELL LLP, Wilmington, DE; Michael J. Flynn, Esq., MORRIS NICHOLS ARSHT & TUNNELL LLP, Wilmington, DE; John M. Jackson, Esq., JACKSON WALKER LLP, Dallas, TX; Kurt A. Schwarz, Esq., JACKSON WALKER LLP, Dallas, TX; Nathaniel (Nate) S. Clair II, Esq., JACKSON WALKER LLP, Dallas, TX; Matthew C. Acosta, Esq., JACKSON WALKER LLP, Dallas, TX; Blake T. Dietrich, Esq., JACKSON WALKER LLP, Dallas, TX; David Folsom, Esq., JACKSON WALKER LLP, Texarkana, TX.

Attorneys for Defendants

February 3, 2017

*[signature: Richard G Andrews]*
**ANDREWS, U.S. DISTRICT JUDGE:**

Presently before the Court is Defendants' Motion for Leave to Amend Their Answer to Add the Defense of Inequitable Conduct. (D.I. 176). The issues have been fully briefed. (D.I. 177, 189, 192). For the reasons that follow, the Court will deny Defendant's motion.

## I.    BACKGROUND

Plaintiff filed this patent infringement lawsuit against Defendants on October 14, 2014. (D.I. 1). On August 25, 2015, the Court issued a Scheduling Order specifying that amendments to the pleadings to assert the defense of inequitable conduct must be filed on or before August 1, 2016. (D.I. 65). On August 1, 2016, Defendants filed a Motion for Leave to Amend Answer to Add the Defense of Inequitable Conduct. (D.I. 141). At that time, Defendants filed their proposed First Amended Answer. (D.I. 141-2). Plaintiff opposed Defendants' motion, arguing that Defendants proposed First Amended Answer did not meet the heightened pleading standard required for inequitable conduct. (D.I. 152 at 8). On September 9, 2016, Defendants filed their reply brief, including a proposed Second Amended Answer containing substantially more material related to their inequitable conduct defense. (D.I. 160). Unsurprisingly, Plaintiff filed a Motion to Strike Defendants' New Amended Answer Submitted with Their Reply Brief. (D.I. 161). On October 7, 2016, the Court issued an Order directing Defendants to advise the Court by October 12, 2016 as to whether they intended to rely on the First Amended Answer or the Second Amended Answer. (D.I. 172). The Court further advised that if Defendants intended to rely on the Second Amended Answer, they would need to file a new motion to amend. (*Id.*). On October 12, 2016, Defendants filed the instant Motion to Amend in which they indicated that they elected the proposed Second Amended Answer. (D.I. 177 at 8). In light of this election, the Court dismissed Defendants' first Motion to Amend as moot. (D.I. 180).

1

## II. LEGAL STANDARD

Rule 15(a) of the Federal Rules of Civil Procedure provides that "[a] party may amend its pleading once as a matter of course within 21 days after serving it." A party seeking to amend after this deadline or more than once may only do so "with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Leave to amend "should [be] freely give[n] . . . when justice so requires." *Id.* The decision to grant or deny leave to amend lies within the discretion of the court. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *In re Burlington Coat Factory Secs. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997). The Third Circuit has adopted a liberal approach to the amendment of pleadings. *Dole v. Arco*, 921 F.2d 484, 487 (3d Cir. 1990). In the absence of undue delay, bad faith, or dilatory motives on the part of the moving party, the amendment should be freely granted, unless it is futile or unfairly prejudicial to the non-moving party. *Foman*, 371 U.S. at 182; *In re Burlington*, 114 F.3d at 1434.

When a pleading deadline imposed by a scheduling order has passed, however, a party seeking to amend must, as a threshold matter, show "good cause" to modify the deadlines. Fed. R. Civ. P. 16(b)(4); *E. Minerals & Chemicals Co. v. Mahan*, 225 F.3d 330, 340 (3d Cir. 2000). Good cause is found when, despite diligence on the part of the party seeking to amend, the deadline in the scheduling order "cannot reasonably be met." Fed. R. Civ. P. 16 Advisory Committee's Notes (1983 amendments). The focus of the "good cause" inquiry is, therefore, on diligence of the moving party, rather than on prejudice, futility, bad faith, or any of the other Rule 15 factors. *Glaxosmithkline LLC v. Glenmark Pharm. Inc.*, 2016 WL 7319670, at *1 (D. Del. Dec. 15, 2016).

2

## III. DISCUSSION

As an initial matter, I reject Defendants' assertions that the current motion is not subject to the more stringent "good cause" standard of Rule 16(b). Defendants argue that because they "openly disclosed their legally sufficient theories of inequitable conduct" prior to the deadline, the current proposed amendment should not be subject to the "good cause" standard. (D.I. 177 at 17-18, n.5). This is incorrect. Disclosing a legal theory is not the equivalent of substantively amending a pleading. Defendants' proposed Second Amended Answer is substantially and materially different from their First Amended Answer.[1] If Defendants wanted their motion to be considered under the more lenient standard of Rule 15, they should have elected to rely on their proposed First Amended Answer, which was filed by the deadline imposed by the Court's Scheduling Order. Since Defendants elected their proposed Second Amended Answer with its much more extensive allegations, they must, as a threshold matter, meet the more stringent "good cause" standard.

Defendants have not shown good cause for this belated amendment. In fact, Defendants focus in their briefing primarily on why they should not have to meet the good cause standard and why they believe they meet the lesser Rule 15 standard. The only argument Defendants make in support of diligence, the only factor important in the Rule 16 analysis, is that they "have diligently pursued their request for leave since August 1, 2016." (D.I. 177 at 18). This is the wrong time frame for the diligence analysis, however. To show good cause, Defendants must show diligence in pursuing their inequitable conduct defense prior to the deadline for amendments; whether Defendants acted diligently, after the deadline, in addressing the deficiencies Plaintiff identified in their First Amended Answer is simply irrelevant.

---

[1] Defendants' Second Amended Answer includes an additional thirty-six paragraphs and fourteen pages of allegations in the Inequitable Conduct section not present in their First Amended Answer. (D.I. 142-1, 177-1).

3

Furthermore, Defendants have not argued that their defense is based on newly disclosed evidence that could not have been obtained prior to the deadline. Nor could they. The inequitable conduct allegations in the proposed Second Amended Answer rest entirely on information that was publicly available months or even years before the deadline for amendments.

Because Defendants have failed to show good cause for allowing this belated amendment, I decline to address the parties' arguments regarding prejudice and futility.[2]

## IV. CONCLUSION

For the reasons set forth herein, Defendants' Motion for Leave to Amend Their Answer to Add the Defense of Inequitable Conduct is **DENIED**.

An appropriate order will be entered.

---

[2] Even if I were to find some hint of good cause for this amendment, I am dubious about whether Defendants' pleading is sufficient. In order "to plead the 'circumstances' of inequitable conduct with the requisite 'particularity' under Rule 9(b), the pleading must identify the specific who, what, when, where, and how of the material misrepresentation or omission committed before the PTO." *Exergen Corp. v. Wal-Mart Stores, Inc.*, 575 F.3d 1312, 1328 (Fed. Cir. 2009). Furthermore, the pleading "must include sufficient allegations of underlying facts from which a court may reasonably infer that a specific individual (1) knew of the withheld material information or of the falsity of the material misrepresentation, and (2) withheld or misrepresented this information with a specific intent to deceive the PTO." *Id.* at 1328-29. Defendants' identification of the required "who" is murky at best, with most allegations centering on Sonos's current in-house counsel, an attorney who was not even employed by Sonos until March 2014, years after the occurrence of much of the alleged misconduct. (D.I. 189 at 16). In addition, Defendants' allegations of intent revolve around Sonos's attorneys' knowledge of the existence of prior art references cited during prosecution of some patents, but not others. (D.I. 177-1 at ¶¶44, 52). This alone is insufficient. "The mere fact that an applicant disclosed a reference during prosecution of one application, but did not disclose it during prosecution of a related application, is insufficient to meet the threshold level of deceptive intent required to support an allegation of inequitable conduct." *Exergen*, 575 F.3d at 1331.

4