IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

SONOS, INC.,

    Plaintiff,

v.

D&M HOLDINGS INC. d/b/a THE D+M
GROUP, D&M HOLDINGS U.S. INC., and
DENON ELECTRONICS (USA), LLC,

    Defendants.

Civil Action No. 14-1330-RGA

## MEMORANDUM ORDER

Presently before the Court are Defendants' Motion for Summary Judgment of No Direct Infringement (D.I. 298) and related briefing (D.I. 298, 350, 365) and Defendants' Motion for Summary Judgment of No Indirect Infringement (D.I. 301) and related briefing (D.I. 301, 351, 368). For the reasons that follow, **IT IS HEREBY ORDERED THAT** Defendants' Motions for Summary Judgment (D.I. 298, 301) are **DENIED**.

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). When determining whether a genuine issue of material fact exists, the court must view the evidence in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Scott v. Harris*, 550 U.S. 372, 380 (2007); *Wishkin v. Potter*, 476 F.3d 180, 184 (3d Cir. 2007). A dispute is "genuine" only if the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Anderson v. Liberty Lobby*, 477 U.S. 242, 247–49 (1986).

Defendants move for summary judgment of no direct infringement based on the sale or importation of the accused products. (D.I. 298 at 7). Defendants' argument revolves around their interpretation of the phrase "configured to," which appears in many of the apparatus and method claims of the asserted patents, as requiring modification, assembly, and programming by the end user in order to infringe. (*Id.*). According to Defendants, it is not enough to sell a product that is capable of infringing. (*Id.* at 19). Rather, Defendants would have me require that the accused products be plugged in, connected to a data network, and otherwise set up as described in the claims before finding infringement. (*Id.*). This I decline to do.

Defendants cite numerous Federal Circuit opinions they claim support their position. (*Id.* at 16, 19). Defendants misunderstand the Federal Circuit's holdings in these cases. For example, in *Nazomi*, the Federal Circuit found that the accused hardware did not infringe because separate software, which was not installed on the device prior to sale, was required in order to meet the claim limitations. *Nazomi Commc'ns, Inc. v. Nokia Corp.*, 739 F.3d 1339, 1345-46 (Fed. Cir. 2014). The court found that installing the separate software was a modification of the accused product. *Id.* at 1345. The Federal Circuit has repeatedly held that,

> even absent its use (or performance) . . . an apparatus claim directed to a computer that is claimed in functional terms is nonetheless infringed so long as the product is designed in such a way as to enable a user of that [product] to utilize the function . . . without having to modify [the product].

*Silicon Graphics, Inc. v. ATI Technologies, Inc.*, 607 F.3d 784, 794 (Fed. Cir. 2010). It seems clear to me that the steps Defendants suggest the end user must take in order to "configure" the accused products to infringe do not amount to "modifying" the products. If the accused products ship with firmware pre-installed that enables the end user to utilize the functions described in the asserted claims, then that is all that is necessary for the sale or importation of the product to

1

constitute infringement.

Defendants further argue that the accused player devices cannot infringe as sold or imported because in order for the devices to be capable of performing the accused functionality, a controller app must be downloaded and installed on the end user's cell phone. (D.I. 298 at 17). Defendants contend that this necessarily means that neither the accused device nor the app "alone is 'capable' of performing the claimed functionality without modification." (*Id.* at 18). Again, I disagree. As I already noted, the devices ship with firmware pre-installed, such that the device is capable of meeting all limitations of the asserted claims without modification. The same is true of the app that Plaintiff accuses of infringing the asserted claims of the controller patent.[1] Therefore, it seems clear that, at a minimum, there are disputed issues of material fact on the issue of direct infringement. Defendants' motion is denied.

Defendants also move for summary judgment of no indirect infringement, arguing that Plaintiff has not identified any instances of direct infringement by third parties. (D.I. 301 at 11). Defendants suggest that the accused devices are capable of substantial non-infringing uses. (*Id.*). As an initial matter, I reject Defendants' argument to the extent that it relies on its contention that the accused products cannot directly infringe as sold. Furthermore, Plaintiff points to substantial evidence in the record that third parties actually use the claimed functionality. (D.I. 351 at 13).

Defendants further argue that, at least as to the seven patents added in Plaintiff's Third Amended Complaint, Plaintiff has not presented evidence of affirmative acts taken by Defendants to encourage infringement of the patents. (D.I. 301 at 12). Defendants argue that Plaintiff's evidence of induced infringement pre-dates the filing date of this suit and, therefore,

---

[1] As Plaintiff notes in its opposition brief, it has not made any direct infringement allegations based on sale or importation as to the controller patents. (D.I. 350 at 22). Rather, Plaintiff's theory of infringement for these asserted claims is that a download and installation of the app constitutes making the patented device. (*Id.* at 22-23).

2

cannot serve as evidence of induced infringement of patents issued after the suit was filed. (*Id.* at 13). Again, having rejected Defendants' "configured to" argument, I reject Defendants' argument here to the extent that it depends on the devices actually being set up, connected to a data network, or otherwise "configured" by an end user. Furthermore, Plaintiff has cited to sufficient evidence in the record post-dating Defendants' knowledge of the patents to at least raise a genuine issue of material fact as to whether Defendants encourage third parties to use the accused products in such a way as to use the functionality claimed in the asserted patents. (D.I. 351 at 19-20).

Finally, Defendants argue that Plaintiff cannot establish contributory infringement because Plaintiff has failed to prove that the devices have no substantial non-infringing uses. (D.I. 301 at 16). Plaintiff replies that it need only show that the accused component, not the entire device, is not capable of substantial non-infringing uses. (D.I. 351 at 22). Plaintiff further argues that because the apparatus and computer readable medium claims "cover functional capability rather than requiring actual performance of the recited function to infringe," the existence of non-infringing uses is irrelevant. (*Id.* at 23). I again reject Defendants' arguments to the extent that they rely on the "configured" theory, which I have already rejected. I also think that Plaintiff has at least raised a genuine issue of material fact as to whether the accused components of Defendants' products have substantial non-infringing uses. Defendants' motion is denied.

For the reasons given above, I deny Defendants' Motion for Summary Judgment of No Direct Infringement and Defendants' Motion for Summary Judgment of No Indirect Infringement.

3

Entered this 24 day of August, 2017.

_Richard G. Andrum_
United States District Judge

4