IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SONOS, INC., § | |
| § | |
| *Plaintiff*, § | |
| § | |
| v. § | |
| § | Civil Action No. 14-1330-WCB |
| D&M HOLDINGS INC. d/b/a THE D+M § | |
| GROUP, D&M HOLDINGS U.S. INC., and § | |
| DENON ELECTRONICS (USA), LLC, § | |
| § | |
| *Defendants*. § | |

## ORDER

The Court has reviewed the parties' Joint Proposed Pretrial Order, Dkt. No. 438. The Court hereby ADOPTS the Joint Proposed Pretrial Order with the following modifications:

1. Page 1, line 18, is modified to read as follows: "and D&M's defenses) are to be addressed in subsequent proceedings to be conducted after the bellwether".

2. Paragraph 60 is modified to read as follows:

    60. Pursuant to the Court's orders of November 3 and 14, 2017, each party has filed designations of deposition testimony that it intends to introduce at trial from witnesses who are expected to testify by deposition. The parties have been directed to meet and confer, and to file with the Court a revised list of deposition designations and objections by 2:00 p.m. on November 28, 2017. In addition, the parties will be required to provide the Court at that time with electronic copies of the transcripts of all of the deposition designations that remain in dispute. The Court will hold a conference with lead trial counsel for each party on December 5, 2017, beginning at 8:00 a.m. in Washington, D.C., to resolve each remaining objection. Thereafter, each party shall identify the specific pages and lines of the deposition testimony that the party expects to read or play no later than 2:00 p.m. on December 7, 2017. No later than 2:00 p.m. on December 8, 2017, each party shall identify its counter-designations to the identified deposition testimony. The parties shall promptly meet and confer to resolve any disputes regarding the deposition designations and counter-designations, and if there are any remaining disputes, they shall be presented to

the Court for resolution by 2:00 p.m. on December 9, 2017.  The party originally offering the testimony is responsible for preparing video deposition clips of all designated testimony for that witness.  A copy of the video deposition clips shall be provided to the opposing party no later than 8:00 p.m. two days before the testimony is expected to be read or played.

3. Paragraph 62 is modified to read as follows:

      62.  Pursuant to the Court's orders of November 3 and 14, 2017, each party has filed its initial list of exhibits and its objections to the opposing party's initial list of exhibits.  The parties have been directed to meet and confer, and to file with the Court a revised list of exhibits and objections by 2:00 p.m. on November 28, 2017.  If the parties have not substantially reduced the number of exhibits and objections by that time, the Court will consider other measures, including setting a limit on the number of exhibits that each party may introduce.  In addition, the parties will be required to provide the Court at that time with electronic copies of all of the exhibits that remain in dispute.  The Court will hold a conference with lead trial counsel for each party on December 5, 2017, beginning at 8:00 a.m. in Washington, D.C., to resolve each remaining objection.

3. Paragraph 76 is modified to read as follows:

      76.  The parties shall identify those demonstrative exhibits that will be used in opening statements by 8:00 p.m. on December 6, 2017, and shall exchange their objections to the demonstrative exhibits by 2:00 p.m. on December 7, 2017.  Thereafter, the parties shall promptly meet and confer in an attempt to resolve any objections to the demonstrative exhibits.  If good faith efforts to resolve the objections fail, the objecting party will be required to raise any remaining objections with the Court no later than 2:00 p.m. on December 8, 2017.  Failure to raise an objection with the Court by that time will constitute a waiver of the objection.  The party seeking to introduce the demonstrative exhibit may file a response to the objection no later than 9:00 a.m. on December 9, 2017.

4. Paragraph 77 is modified to read as follows:

      77.  For each witness identified in accordance with Paragraph 59 that is to testify in person or by deposition, the party who will be calling the witness shall identify trial exhibits and exchange any demonstrative exhibits that it expects to use with that witness by 6:00 p.m. three days before the trial day during which that witness is expected to testify.  The other party shall then provide its objection to the demonstrative exhibits by 8:00 p.m. two days before that trial day, and thereafter the parties shall meet and confer in an attempt to resolve any such objections promptly.  If good faith efforts to resolve the objections fail, the objecting party must raise the objection with the Court no later than the end of the trial day before the witness will be called (e.g., if a party intends to call the

witness on Tuesday, the objection must be raised with the Court by the end of the trial day on Monday).

5. Paragraph 78 is modified to read as follows:

    78. The parties shall identify trial exhibits and exchange demonstrative exhibits that will be used in closing statements by 7:00 p.m. two days before closing statements are to be presented, shall exchange their objections to those demonstrative exhibits by 9:00 p.m. two days before closing statements are to be presented, and shall meet and confer on any such objections promptly thereafter. Any remaining dispute must be raised with the Court by the end of the trial day before closing statements are to be held.

6. Paragraph 83 is modified to read as follows:

    83. The parties agree to follow the provisions of the Stipulated Protective Order entered in this case regarding the confidentiality of exhibits to be used at trial. For purposes of trial, the Court will determine whether any exhibit previously treated as confidential will be entered into the public record or protected in a manner to be determined by the Court. Any exhibit as to which either party intends to seek protection must be called to the Court's attention by the end of the trial day before that exhibit is to be used. The proponent of such protection must make a compelling showing of particularized need to maintain the confidentiality of the record in question. A general statement, such as that the materials disclose sensitive commercial information, will not suffice. The Court will make a determination as to whether to treat all or a portion of the exhibit as confidential taking into account the interests of the parties and any third parties whose interests may be involved, as well as the strong presumption in favor of public access to court proceedings. Any request to close the courtroom for the presentation of particular evidence must also be raised with the Court before the end of the trial day preceding the day on which the evidence in question is expected to be elicited. Requests to close the courtroom are strongly discouraged.

IT IS SO ORDERED.

SIGNED this 21st day of November, 2017.

*William C. Bryson*
WILLIAM C. BRYSON
UNITED STATES CIRCUIT JUDGE