IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SONOS, INC., § | |
| § | |
| *Plaintiff*, § | |
| § | |
| v. § | |
| § | Civil Action No. 14-1330-WCB |
| D&M HOLDINGS INC. d/b/a THE D+M § | |
| GROUP, D&M HOLDINGS U.S. INC., and § | |
| DENON ELECTRONICS (USA), LLC, § | |
| § | |
| *Defendants*. § | |

**ORDER**

On December 5, 2017, the Court held a conference to resolve the parties' objections to the exhibits and deposition designations for the bellwether trial scheduled to begin on December 11, 2017.  This order summarizes the rulings made at the conference and addresses one outstanding issue, about which the parties have submitted briefs, Dkt. Nos. 498 and 499.  By letter, Sonos has asked to file a response to D&M's letter brief to address the issue of the nexus between the evidence of industry praise and the claimed inventions.  Dkt. No. 501.  In their briefing, as well as in the discussions during the December 5 conference, both parties have fully addressed the issue of nexus.  See Dkt. No. 498, at 2, 8 & n.5; Dkt. No. 499.  The Court therefore does not see the need for additional briefing on that subject.

This order also identifies one exhibit, PTX 1589, as to which D&M has provided the Court with supplemental information in letter form, Dkt. No. 500.  The Court has not yet ruled on the admissibility of that exhibit.  Based on the additional information provided by D&M, the Court is satisfied that the exhibit is not inadmissible for lack of authentication.  The parties are directed to file letter briefs by 4:00 p.m. Eastern Time on Saturday, December 9, 2017, as to

whether there is any further reason that the exhibit should be excluded, including, in particular, the issue of relevance.

If either party believes that the Court made a ruling at the conference that is incorrectly recorded in this order, or if any exhibits are missing from this order, they may alert the Court of the error by letter filed no later than 4:00 p.m. Eastern Time on Saturday, December 9, 2017. The Court notes that exhibits deemed inadmissible may still, of course, be relied upon and described by the parties' experts.  See Fed. R. Evid. 703.

I. **Evidentiary Rulings made at the Conference**

At the conference, the Court made the following rulings regarding objections:

A. Sonos's Objections to D&M's Exhibits

- DTX360: Objection overruled
- DTX605: Objection overruled
- DTX646: Objection sustained

B. Sonos's Objections to D&M's Deposition Designations

- Lang deposition at 72:1-80:2: Objection sustained
- Millington deposition at 193:14-194:9: Objection sustained
- Feick deposition at 163:3-163:14: Objection sustained
- Schulert deposition at 82:7-85:4: Objection withdrawn
- Harwood deposition at 21:6-21:14; 22:20-23:2; 23:5:  Objection overruled
- Counter-Designations: Objections overruled

C. D&M's Objections to Sonos's Exhibits

- PTX296: Exhibit withdrawn
- PTX460: Exhibit withdrawn
- PTX463: Objection overruled
- PTX537: Objection overruled
- PTX355: Exhibit withdrawn
- PTX399: Objection overruled only as to tab "7571014"
- PTX1099: Exhibit withdrawn
- PTX1101: Exhibit withdrawn
- PTX1188: Objection sustained
- PTX1192: Exhibit withdrawn

- PTX1199: Exhibit withdrawn
- PTX1359: Exhibit withdrawn
- PTX1428: Exhibit withdrawn
- PTX1478: Objection overruled, with the redactions as discussed
- PTX1479: Objection overruled, with the redactions as discussed
- PTX1504: Objection overruled, with the redactions as discussed
- PTX1508: Objection overruled, with the redactions as discussed
- PTX1511: Objection overruled, with the redactions as discussed
- PTX1515: Objection overruled, with the redactions as discussed
- PTX1518: Objection overruled, with the redactions as discussed
- PTX1530: Objection overruled, with the redactions as discussed
- PTX1563: Objection overruled
- PTX1642: Exhibit withdrawn
- PTX1649: Objection withdrawn
- PTX687: Objection overruled
- PTX1403: Objection overruled
- PTX1404: Objection overruled
- PTX1410: Objection overruled
- PTX1421: Exhibit withdrawn
- PTX1584: Exhibit withdrawn
- PTX955: Objection withdrawn
- PTX966: Objection withdrawn
- PTX968: Objection withdrawn
- PTX969: Objection withdrawn
- PTX975: Objection withdrawn
- PTX996: Objection withdrawn
- PTX996: Objection withdrawn
- PTX1049: Objection withdrawn
- PTX1050: Objection withdrawn
- PTX1051: Objection withdrawn
- PTX1052: Objection withdrawn
- PTX1053: Objection withdrawn
- PTX1054: Objection withdrawn
- PTX1055: Objection withdrawn
- PTX1057: Objection withdrawn
- PTX1040: Objection overruled
- PTX1041: Objection overruled
- PTX1042: Objection overruled
- PTX1044: Objection overruled
- PTX1526: Objection overruled, with the redactions as discussed
- PTX451: Objection overruled
- PTX1313: Objection overruled, as conditionally relevant
- PTX1587: Objection sustained

- PTX341: Objection overruled
- PTX1285: Objection overruled
- PTX746: Objection sustained
- PTX1060: Exhibit withdrawn
- PTX1214: Objection overruled, with the redactions as discussed
- PTX1273: Objection sustained
- PTX1324: Objection overruled
- PTX1343: Objection overruled
- PTX1375: Objection overruled, but only as back-up plan to live demonstration
- PTX1376: Objection overruled, but only as back-up plan to live demonstration
- PTX1470: Objection sustained
- PTX1540: Objection sustained
- PTX1541: Objection sustained
- PTX1628: Objection sustained
- PTX1639: Objection sustained
- PTX1545: Objection sustained
- PTX1551: Objection sustained
- PTX1554: Objection sustained
- PTX1589: Objection overruled as to authenticity. As discussed above, the parties have been asked to address the question whether there is any other reason this exhibit should be excluded.
- PTX1602: Objection withdrawn
- PPX2, PPX3, PPX16, PPX17, PPX29: Objection overruled
- PTX315: Objection overruled
- PTX457: Objection overruled
- PTX459: Objection overruled
- PTX467: Objection overruled
- PTX602: Objection sustained
- PTX671: Objection overruled
- PTX1200: Exhibit withdrawn
- PTX1201: Exhibit withdrawn
- PTX1245: Objection sustained
- PTX1283: Objection sustained
- PTX1331: Objection withdrawn
- Fukazuka deposition: Objections sustained in part and overruled in part
- Stead deposition: Objections sustained in part and overruled in part

**II.    D&M's Objections to Sonos's Exhibits Regarding Objective Indicia of Praise**

Sonos has offered a number of exhibits for the purpose of showing praise in the industry for Sonos's claimed inventions. D&M objected to those Sonos exhibits, principally on hearsay grounds. At the December 5 conference on exhibits, the Court requested additional briefing on

4

the hearsay issue and reserved judgment on the admissibility of 33 documents on that basis. This order resolves the objections to those documents.

A. Legal Standard

Evidence of praise for a patented invention is an objective indicator of non-obviousness. "Industry participants, especially competitors, are not likely to praise an obvious advance over the known art. Thus, if there is evidence of industry praise of the claimed invention in the record, it weighs in favor of the non-obviousness of the claimed invention." Apple Inc. v. Samsung Elecs. Co., 839 F.3d 1034, 1053-54 (Fed. Cir. 2016). Evidence such as industry awards, praise for the patented feature, and statements made by members of the industry are relevant to determine the "industry recognition of the significance and value of the claimed invention," which weighs in favor of non-obviousness. WBIP, LLC v. Kohler Co., 829 F.3d 1317, 1335 (Fed. Cir. 2016).

Such evidence must still satisfy the rules of evidence to be admissible. The defendants object to the 33 documents at issue as hearsay statements by non-testifying declarants that are not subject to any hearsay exceptions. In response, Sonos argues that the documents showing praise and awards for Sonos's products are non-hearsay because they are offered not for the truth of any matters asserted in the documents, but rather simply to show that the statements of praise were made. That is, Sonos argues that the praise in the industry is relevant without regard to whether the factual assertions made by the persons praising Sonos's products are true.

Evidence of industry praise has been admitted over a hearsay objection on this ground. See, e.g., Asetek Danmark A/S v. CMI USA, Inc., No. 13-cv-00457, 2014 WL 12644295, at *1-2 (N.D. Cal. Nov. 19, 2014) (admitting newspaper articles and internet sites describing awards won by the plaintiff's products); Innovention Toys, LLC v. MGA Entm't, Inc., No. CIV.A. 07-

5

6510, 2012 WL 5398476, at *8 (E.D. La. Nov. 4, 2012) (admitting press release describing award won by defendants' product). The Court agrees that, to the extent that the evidence is relevant to show that persons in the industry praised Sonos's claimed inventions, such evidence is admissible over a hearsay objection. However, that principle does not justify the admission of the full text of every document that contains a favorable comment about Sonos or its products from any source. In order to be admissible, the evidence must reflect praise in the industry, not just an individual's favorable view of the product. In addition, the evidence must constitute praise for the specific inventions at issue at trial, not just to Sonos's products in general. And the documents that contain evidence of industry praise must be screened, and if necessary redacted, to omit other material that does not constitute industry praise, but consists simply of hearsay comments about Sonos products or their competitors. See, e.g., Hynix Semiconductor Inc. v. Rambus Inc., No. 00-cv-20905, 2009 WL 112834, at *14 (N.D. Cal. Jan. 16, 2009) (redacting substantial portions of an article, but admitting portion describing an award bestowed on inventor).

The cases on this issue, including those cited by Sonos, typically deal with articles describing awards or the equivalent conferred on the patented invention. Apple Inc. v. Int'l Trade Comm'n, 725 F.3d 1356, 1366 (Fed. Cir. 2013) (describing plaintiff's evidence that hails plaintiff's commercial embodiment as "Innovation of the Year"); Asetek Danmark A/S, 2014 WL 12644295, at *1-2; Innovention Toys, LLC, 2012 WL 5398476, at *8; Hynix Semiconductor Inc., 2009 WL 112834, at *14; HTC Corp. v. Tech. Properties Ltd., No. 08-cv-00882, 2013 WL 4782598, at *5 (N.D. Cal. Sept. 6, 2013) (admitting evidence of article naming the plaintiff's product as one of "25 Microchips that Shook the World"); Sentry Prot. Prod., Inc. v. Eagle Mfg. Co., No. 01-cv-2240, 2003 WL 25539702, at *12 & n.3 (N.D. Ohio Sept. 30, 2003) (permitting

6

evidence of plaintiff receiving industry praise such as being voted the "Gold Award Winner"). Those cases present the clearest examples of evidence of industry praise, at least when it is clear the praise is directed to the merits of the claimed invention. Documents that reflect simply favorable comments about a company and its products are more problematical.

When the claimed industry praise comes in the form of favorable reviews of the product, which is what much of Sonos's "industry praise" evidence consists of, several problems are presented. First, the expressions of opinions that constitute praise can be mixed in with factual assertions that are plainly hearsay. For example, in one of Sonos's exhibits, PTX813, the statement that Sonos's wireless system was capable of features that were "mind blowing" is followed by the statement that "[n]ever before could you get music in every room without drilling a bunch of holes for wires." PTX813, at 2. The latter statement is a factual assertion that is excludable as hearsay, even though it is made the course of the declarant's statements regarding his opinion of the Sonos product.

In addition, some of the exhibits offered by Sonos are directed at features other than the synchronization and group volume control features of the asserted Sonos claims. The praise for those other features is irrelevant to the issue of obviousness. As D&M points out, there must be a "nexus between the merits of the claimed invention and evidence of secondary considerations." Muniauction, Inc. v. Thomson Corp., 532 F.3d 1318, 1327 (Fed. Cir. 2008); see also In re Huai-Hung Kao, 639 F.3d 1057, 1068 (Fed. Cir. 2011) ("For objective evidence of secondary considerations to be accorded substantial weight, its proponent must establish a nexus between the evidence and the merits of the claimed invention." (quoting Wyers v. Master Lock Co., 616 F.3d 1231, 1246 (Fed. Cir. 2010))). Although there is a presumption of nexus "when the patentee shows that the asserted objective evidence is tied to a specific product and that product

'is the invention disclosed and claimed in the patent,'" WBIP, LLC, 829 F.3d at 1329 (quoting J.T. Eaton & Co. v. Atl. Paste & Glue Co., 106 F.3d 1563, 1571 (Fed. Cir. 1997)), that presumption does not apply here. As the Federal Circuit has explained, "[a] limited exception to the presumption of nexus exists where the patented invention is only a component of the product to which the asserted objective considerations are tied." Id. at 1329 n.3. Because the patented inventions at issue here—the group volume control and synchronization features—are but two features of a complex multi-component device, the presumption of nexus does not apply.

A number of the exhibits offered by Sonos contain praise for features of the Sonos system that are not at issue here. For example, the quality of the sound produced by the Sonos speakers is often commented on by reviewers in the materials that Sonos has offered for admission. See, e.g., PTX 814, at 1 ("Also like other Sonos speakers, the Play:1 sounds great on its own—but when you pair it with another Play:1 speaker in a stereo configuration, you get a richer, more detailed sound with a wider soundstage."). Praise of sound quality, however, is not industry praise of the inventions at issue, and is therefore irrelevant. Based on that factor, the Court has ruled that a number of the exhibits must be excluded or redacted.

Beyond that, the Court must consider Federal Rule of Evidence 403, which allows a court to exclude "relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Here, more than 30 exhibits have been identified as falling within the category of "evidence of praise," including many documents that even Sonos's counsel acknowledged constituted, at most, tepid praise for the Sonos products. Many of those documents contain content that would be prejudicial to D&M or, at minimum, confusing to the jury. In order to minimize unfair prejudice and the risk of jury

confusion, the Court has ruled that some of the proffered documents require redactions and that some of the weaker documents must be excluded as inadmissible.

During the December 5 conference, Sonos argued that several of the "industry praise" exhibits should be admissible as going to the issue of damages, such as by identifying the existence of a particular market. As to damages, however, the evidence in question is clearly hearsay. Unlike in the case of industry praise, the relevance of the evidence as to damages—such as statements regarding the "multi-room speaker market," PTX 814, at 2—turns on whether the statements are true or not, not on whether the declarant was of the opinion that they were true.

As part of its presentation, Sonos has also asked the Court to admit articles referring to the issue of copying over D&M's hearsay objections. That argument fails. An article lavishing praise on a product may be admitted for a purpose other than for the truth of the matter asserted. For example, an article describing a product as the "Invention of the Year" is relevant as a measure of industry praise regardless of whether the assessment by the writer of the article was soundly based in fact. The same, however, cannot be said for evidence of copying. In order for the fact of copying to be relevant, there must be admissible evidence of <u>actual</u> (or attempted) copying. "<u>The fact</u> that a competitor copied technology suggests it would not have been obvious." <u>WBIP, LLC</u>, 829 F.3d at 1336 (emphasis added). Copying "requires <u>evidence of efforts</u> to replicate a specific product." <u>Tokai Corp. v. Easton Enterprises, Inc.</u>, 632 F.3d 1358, 1370 (Fed. Cir. 2011) (emphasis added); <u>see also</u> <u>Iron Grip Barbell Co. v. USA Sports, Inc.</u>, 392 F.3d 1317, 1325 (Fed. Cir. 2004) (evidence of copying may be demonstrated through internal documents, direct evidence, or access to, and substantial similarity to, the patented product). The fact that a news article posits that one competitor copied another is relevant to the inquiry of

9

copying only if the assertion in the article is true. The evidence would therefore plainly be offered for its truth, not just for the fact that the statement in question was made. Therefore, out-of-court statements by third-party declarants that D&M or others copied Sonos are inadmissible hearsay.

    B. <u>Application</u>

Applying the legal principles outlined above, the Court makes the following evidentiary rulings:

- PTX813: Objection overruled; document describes industry praise for patented synchronization feature. Document must be redacted to eliminate inadmissible portions. Only the headline and the portion beginning "If you're not familiar with Sonos" and ending with "At the time, this was mind blowing" are admissible.
- PTX814: Objection sustained; document does not describe industry praise for patented features.
- PTX815: Objection sustained; document does not describe industry praise for patented features.
- PTX821: Objection sustained; document does not describe industry praise for patented features. Discussion of multi-room wireless market is relevant only for the truth of the matter asserted, and is therefore hearsay.
- PTX837: Objection sustained; document's suggestion of copying is hearsay, and document does not describe industry praise for patented features.
- PTX858: Objection sustained; document does not describe industry praise for patented features.
- PTX1061: Objection sustained; document does not describe industry praise for patented features.
- PTX1065: Objection sustained; document does not describe industry praise for patented features.
- PTX1098: Objection sustained; document does not describe industry praise for patented features. Description of wireless speaker market, which could be relevant for damages, is inadmissible hearsay.
- PTX1100: Objection sustained; document does not describe industry praise for patented features.
- PTX1139: Objection sustained; document does not describe industry praise for patented features.
- PTX1175: Objection overruled; document describes industry praise for synchronization feature. Document must be redacted to eliminate inadmissible portions. Only the headline, the sentence beginning "The system works in multiple rooms," and the sentence beginning "The Sonos system is easily the best" are admissible.

- PTX1177: Objection overruled; document describes industry praise for synchronization feature. Document must be redacted to eliminate inadmissible portions. Only the headline and the two paragraphs beginning "Sonos is the gold standard" and "Now you can drive" are admissible.
- PTX1186: Objection overruled; document describes industry award for Sonos's product and mentions synchronization feature. Document must be redacted to eliminate inadmissible portions. Only the headline, the heading mentioning Sonos, and the sentence underneath are admissible.
- PTX1191: Objection overruled; document describes industry praise for synchronization feature. Document must be redacted to eliminate inadmissible portions. Only the headline and the two paragraphs beginning "You can play different music" and "You can control the system" are admissible.
- PTX1193: Objection overruled; document bestows industry award and describes industry praise for synchronization feature. Document must be redacted to eliminate inadmissible portions. Only the headline, the "Editors' Choice" award, the sentence beginning "This is the first digital audio hub," and the paragraph beginning "Most users love the idea" are admissible.
- PTX1194/1195: Objection overruled; document describes industry praise for synchronization feature. Document must be redacted to eliminate inadmissible portions. Only the headline and the text from "Promising 'all your digital music'" to "the whole-house-music thing done right," and the paragraph beginning "Where the Sonos system stands out" are admissible.
- PTX1230: Objection sustained; document does not describe industry praise for patented features.
- PTX1231: Objection overruled; document contains industry praise for synchronization feature. Document must be redacted to eliminate inadmissible portions. Only the headline and the paragraph beginning "Sonos speaker systems come into their own" are admissible.
- PTX1398: Objection overruled; document bestows industry award on Sonos's product. Document must be redacted to eliminate inadmissible portions. Only the headline and the section on page 2 regarding "Brand Leader: Audio" category are admissible. For completeness, that entire "Audio" section must be included.
- PTX1399: Objection overruled; document bestows industry award on Sonos's product. Document must be redacted to eliminate inadmissible portions. Only the headline and the section on page 2 regarding "Brand Leader: Audio" category are admissible. For completeness, that entire "Audio" section must be included.
- PTX1437: Objection sustained; document does not describe industry praise for patented features.
- PTX1438: Objection sustained; document does not describe industry praise for patented features.
- PTX1439: Objection sustained; document does not describe industry praise for patented features.
- PTX1502: Objection sustained; document does not describe industry praise for patented features.

11

- PTX1422: Objection overruled; document describes industry praise for patented features. Document must be redacted to eliminate inadmissible portions. Only the headline and the paragraph beginning "Control – This is the real genius" and ending with "that take about 2 minutes to complete" are admissible.
- PTX1423/1552: Objection overruled; document describes industry praise for patented feature. Document must be redacted to eliminate inadmissible portions. Only the headline and the paragraph beginning "The new controller also brings" are admissible.
- PTX1424: Objection sustained; document does not describe industry praise for patented features.
- PTX1290: Objection sustained; document does not describe industry praise for patented features. The fact that a single individual provides praise does not necessarily reflect industry praise generally.
- PTX1217: Objection to slide 12 sustained; document does not describe industry praise for patented features and contains double hearsay. Document is otherwise admissible for the reasons discussed at the conference with respect to exhibit PTX1214.
- PTX1289: Objection overruled with respect to email dated July 13, 2016 10:39 AM only. Hearsay statements admissible as present sense impression. The remainder of the document is inadmissible and must be redacted.
- PTX1311: Objection sustained; document does not describe industry praise for patented features. The fact that a single individual provides praise does not necessarily reflect industry praise generally.
- PTX1312 (SONDM000145134): Objection overruled with respect to email dated November 14, 2003 11:46 PM only. Document describes industry perception of skepticism regarding commercial embodiment of patented invention, and is not being introduced for the truth of the matter asserted. The remainder of the document is inadmissible and must be redacted.

IT IS SO ORDERED.

SIGNED this 8th day of December, 2017.

_____
WILLIAM C. BRYSON
UNITED STATES CIRCUIT JUDGE